Ellen V. Leonida, Esq. (SBN: 184194)
leonida@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
borden@braunhagey.com
Amber Ashley James, Esq. (SBN: 330578)
james@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

Erin Darling, Esq. (SBN: 259724)
erin@erindarlinglaw.com
LAW OFFICES OF ERIN DARLING
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
Telephone: (323) 736-2230

Attorneys for Plaintiff
JOSE LUIS MALDONADO AGUILAR

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MALDONADO AGUILAR,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HUNTINGTON PARK, HUNTINGTON PARK POLICE DEPARTMENT, COSME LOZANO, in his official and individual capacities, and DOES 1-50<br><br>Defendants. | CASE NUMBER: 2:21-cv-05755<br><br>To be supplied by the Clerk of<br><br>The United States District Court<br><br>**COMPLAINT FOR:**<br><br>(1) **Violations of 42 U.S.C. § 1983**<br>(2) **Violation of the Bane Act**<br>(3) **False Imprisonment**<br>(4) **Breach of Mandatory Duties**<br><br>**CLASS ACTION**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Jose Luis Maldonado Aguilar, on behalf of himself and those similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff Jose Luis Maldonado Aguilar was arrested by Defendant Huntington Park Police Department, which then decided not to charge him with any crime. Instead of releasing him, Huntington Park Police unlawfully held Mr. Maldonado in jail pursuant to its de facto policy of honoring detention requests from Immigration and Customs Enforcement ("ICE"). A hold request from ICE is not a warrant obtained through a lawful process or a legally binding document; it is simply a request from a federal agency to imprison someone.

2. Since at least 1791, it has been illegal to hold a person in jail without a warrant when that person has committed no crime.

3. To prevent the very type of abuse that the Huntington Park Police engage in as a matter of policy, the California Legislature passed the California Values Act. The California Values Act expressly prohibits any California law enforcement agency from "detaining an individual on the basis of a hold request" from ICE. Cal. Gov't Code § 7284.6.

4. This law was enacted to protect the vulnerable individuals whom the Huntington Park Police are intentionally targeting through their illegal policy and to preserve "a relationship of trust between California's immigrant community and state and local agencies." Cal. Gov't Code § 7284.2. The California Legislature understood that when this relationship of trust is threatened—as it is when state and local agencies are entangled with immigration enforcement— "immigrant community members fear approaching police when they are victims of, and witnesses to, crimes, seeking basic health services, or attending school, to the detriment of public safety and the well-being of all Californians." *Id.*

5. We empower the police to uphold and enforce the law. When the police choose to intentionally violate the law, they annihilate the foundation of our democracy and destroy their own legitimacy.

6. Accordingly, Mr. Maldonado brings this action for violation of his constitutional and statutory rights to recover money damages and injunctive relief on behalf of himself and all the other victims of the Huntington Park Police's illegal policy.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 1367, and 2201-02.

8. Venue is proper under 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

**A.   The Parties**

9. Plaintiff Jose Luis Maldonado Aguilar is a 45 year-old resident of Baldwin Park, California.

10. Defendant City of Huntington Park is a city in Los Angeles County, California.

11. Defendant Huntington Park Police Department is the law enforcement department of the City of Huntington Park, which operates the Huntington Park jail.

12. Defendant Cosme Lozano is the City of Huntington Park's Chief of Police. As the chief executive officer of the Huntington Park Police Department, he is responsible for setting the policies, practices, and customs that govern the operation of the Huntington Park Police Department's jail, and the custody of the people incarcerated there. Defendant Lozano directs the operation of the Huntington Park Police Department jail. He is sued in his individual and official capacity.

13. The names and capacities, whether individual, corporate, associate or otherwise of Doe Defendants 1 through 50 ("Doe Defendants"), inclusive, and each of their roles in this case, are unknown to Plaintiff who therefore sues said Doe

Defendants by such fictitious names. Plaintiff further alleges that each of said fictitious Doe Defendants is in some manner responsible for the acts and occurrences herein set forth. Plaintiff will amend this complaint to show their true names and capacities, and how each fictitious Doe Defendant is responsible, when ascertained. The Doe Defendants participated as co-conspirators in the violations alleged herein and performed acts and made statements in furtherance thereof. Each of the Doe Defendants actively conspired with one another and are liable for each's acts and omissions alleged herein. Each Doe Defendant acted as the principal, agent, and/or joint venturer of, and on behalf of, Defendant Huntington Park Police regarding the acts, violations, and common course of conduct alleged herein.

**B.    Defendants Unlawfully Detained Mr. Maldonado**

14. On July 15, 2019, Mr. Maldonado was arrested by Huntington Park Police and booked into custody at the Huntington Park Police station. No charges were filed against him and he should have been released.

15. Huntington Park Police notified ICE of Mr. Maldonado's arrest, and as a result ICE submitted an immigration detainer request to Huntington Park Police. ICE's request asked Huntington Park Police to keep Mr. Maldonado in custody *for up to 48 hours beyond the time when he would otherwise have been released*, to allow DHS to assume custody.

16. ICE does not regularly have personnel posted at the Huntington Park Police Department. The only way ICE could have learned the time at which Mr. Maldonado was getting released and taken him into custody was if a Huntington Park Police officer, whose name is currently unknown to Plaintiffs, informed ICE when Mr. Maldonado was going to be released, and kept him in jail past the time he should have been released, to allow ICE to travel to the Huntington Park Police jail and take Mr. Maldonado into custody.

17. Mr. Maldonado was not informed why he was being detained. Nor was he given a copy of the immigration detainer request form.

18. Instead, Mr. Maldonado learned of ICE's intentions to take him into its custody when Huntington Park Police jailers took him out of his cell and walked him to an office within the Huntington Park Police Department where two ICE agents were waiting. The two ICE agents ordered Mr. Maldonado to turn around, and when he complied the ICE agents handcuffed Mr. Maldonado. The ICE agents assumed custody of Mr. Maldonado inside the Huntington Park Police station, with the assistance and cooperation of Huntington Park Police.

19. Being turned over to ICE custody when he believed he was going home to his family was traumatizing and distressing for Mr. Maldonado.

20. ICE transferred Mr. Maldonado to a detention facility in Los Angeles, CA, where he was detained for 46 days.

21. As a result of his detention, Mr. Maldonado lost his job. His cars were repossessed, because he could not make his car payments. Huntington Park Police's unlawful conduct caused him and his family to suffer severe financial losses and undue stress.

### C. Huntington Park's Policy

22. The American Civil Liberties Union sent a Public Records Act request to Huntington Park Police, which was received on August 12, 2019, seeking, *inter alia*: "Records related to any U.S. Immigration and Customs Enforcement ("ICE") hold (or "detainer"), notification, or transfer requests to the Adelanto Detention Facility ("Detention") in relation to Mr. Maldonado. In response, Huntington Park Police admitted, "When the Jailers book someone and fingerprint them, ICE automatically gets notified through the fingerprint database. ICE will then contact the Jail and ask them if they have so-and-so custody, Jailers will confirm and then ICE will tell them to hold them."

23. Huntington Park Police Department has a de facto policy of detaining individuals based on immigration detainer requests from ICE. It does so without

legal authority, in outright disregard for the detainees' constitutional rights and their most basic right to liberty.

24. As the Chief of Police, Defendant Lozano is responsible for setting the policies, practices, and customs of Huntington Park Police, including the well-settled practice of illegally transferring people from Huntington Park Police to ICE custody without judicial warrants or findings of probable cause.

25. Although federal law makes clear that immigration detainer requests are voluntary requests, not mandatory orders, as a matter of practice and policy, on information and belief, Huntington Park Police detains every person who receives an immigration detainer request beyond their release date and time, solely on the basis of that request.

### D. California Prohibits Its Law Enforcement Agencies From Incarcerating People Based On Immigration Detainer Requests

26. ICE routinely issues administrative notices called "immigration detainer requests" to local law enforcement agencies. These requests ask the local agency to keep a person in custody until ICE can send agents to arrest and, ultimately, deport them. The request specifically asks the local agency to detain the individual beyond the time when the subject would have otherwise been released from the agency's custody.

27. California law enforcement agencies are not mandated to detain anyone based on an immigration detainer request.

28. In December 2012, California Attorney General Kamala D. Harris issued an Information Bulletin to state and local law enforcement agencies which stated that "immigration detainers are not compulsory. Instead, they are merely requests enforceable *at the discretion of the agency* holding the individual arrestee."[1]

---

[1] CALIFORNIA DEPARTMENT OF JUSTICE, Responsibilities of Local Law Enforcement Agencies under Secure Communities and the TRUST Act, June 25, 2014.

29. In January 2014, California passed the TRUST Act, which prohibited law enforcement agencies from detaining an individual on the basis of an immigration detainer request unless that person had been convicted of certain crimes. Cal. Gov't Code § 7282.

30. In January 2018, California passed the Values Act, explicitly prohibiting law enforcement agencies from detaining any individual for immigration enforcement purposes, including "on the basis of a hold request." Cal. Gov't Code § 7284.6. The Values Act also prohibits California law enforcement agencies from notifying ICE of when someone is being released unless that information is public or the individual being detained has been convicted of certain enumerated offenses. *Id*.

31. Huntington Park Police, as a matter of policy and practice, violates the California Values Act.

32. Huntington Park Police had no legal authority to detain Mr. Maldonado, or the other class members, solely based on an immigration detention request, nor did it have permission to inform ICE of when people were due to be released from custody. Huntington Park Police knew it did not have legal authority to detain Mr. Maldonado and Plaintiff Class members on the basis of an immigration detainer request, but did so in brazen contravention of California law and the U.S. Constitution.

33. Defendants acted with malice, oppression, or fraud and knowingly violated and acted with conscious disregard of Plaintiffs' rights.

## CLASS ACTION ALLEGATIONS

34. This case is brought on behalf of Mr. Maldonado and all persons who are, were, or will be subjected to Huntington Park Police's illegal policy of holding individuals beyond the time they should be released, to comply with an ICE detainer request. The damages class meets the requirements of Rule 23 as follows:

35. Numerosity: The number of Class members is so large that the joinder of all its members is impracticable. The exact number of Class members can be

determined from information in the possession and control of the Defendant. From January 2018 to August 2019, Huntington Park Police transferred at least 29 people to ICE custody on the sole basis of an immigration detainer request. This is likely only a small subset of the total number of people who have been incarcerated past their release time, or are currently being incarcerated past their release time, so Huntington Park Police can transfer them to ICE custody, solely based on ICE's request. Joining all members would be impracticable.

36. Commonality: Questions of law and fact presented by Mr. Maldonado are common to other members of the class. The common contentions that unite the claims of the class include the Huntington Park Police's practice of incarcerating class members in Huntington Park Police custody after they are otherwise entitled to release, and that Huntington Park Police does this on the basis of ICE detainer requests, in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution, the California Values Act, the California Truth Act, the California Bane Act, and state common law protections against false imprisonment.

37. Typicality: Mr. Maldonado's claims are typical of those of the class as a whole. Like the rest of the class members, he had an ICE detainer request placed on him while in Huntington Park Police custody, which was not supported by a probable cause determination, and was eligible for release, but was detained by Huntington Park Police in its custody for hours as a result of the request, in order to facilitate a transfer to ICE custody.

38. Adequacy of Representation: Mr. Maldonado is an adequate class representative. Mr. Maldonado was in Huntington Park Police custody but denied an opportunity to be released because of an ICE detainer request. He has no conflict of interest with other class members, will fairly and adequately protect the interests of the class, and understands his responsibilities as class representative.

39. Mr. Maldonado is represented by highly qualified and experienced counsel, BraunHagey and Borden, LLP and Erin Darling. Counsel is experienced in

prosecuting civil rights cases, class actions, and impact litigation and intends to prosecute this action vigorously.

40. The questions of law or fact common to class members predominate over any questions affecting individual class members. Such issues include, without limitation,

    a. Whether Huntington Park Police has an unwritten policy of complying with ICE detainer holds even when this means holding individuals beyond the time they should be released,

    b. Whether Huntington Park Police's de facto policy violates the Fourteenth Amendment of the United States Constitution,

    c. Whether Huntington Park Police's de facto policy violates the Fourth Amendment,

    d. Whether Huntington Park Police's de facto policy violates California's Values Act,

    e. Whether Huntington Park Police's de facto policy violates California's Truth Act,

    f. Whether Huntington Park Police's de facto policy violates California's Bane Act,

    g. Whether Huntington Park Police's de facto policy constitutes false imprisonment, and

    h. Whether Defendants should be enjoined from following Huntington Park Police's illegal policy.

41. A class action is superior to other methods for fairly and efficiently adjudicating the controversy. Requiring Class members to pursue their claims individually would invite a host of separate suits, with concomitant duplication of costs, attorney's fees, and demands on judicial resources. Furthermore, as the damages suffered by the individual members of the Class may be relatively small, the expense and burden of individual litigation make it impracticable for the

members of the Class individually to seek redress of the wrongs perpetrated by Defendants.

42. Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole.

43. Absent certification of a class, the equitable relief sought by Mr. Maldonado will create the possibility of inconsistent judgments and/or obligations for Defendants.

44. The proposed class is manageable, and without class treatment, the overwhelming majority of class members would not have an individual claim.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

45. Mr. Maldonado timely filed an administrative claim for damages against the City of Huntington Park, which complied with the requirements of Cal. Gov't Code § 910. Because the City failed to act upon the claim within 45 days, it was deemed rejected.

## CAUSES OF ACTION
### First Cause of Action
**42 U.S.C. § 1983, Violation of Fourteenth Amendment - Due Process**
**(All Defendants)**

46. Plaintiff Maldonado incorporates the allegations of the preceding and subsequent paragraphs as if fully set forth herein.

47. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage" violates an individual's constitutional rights can be held liable for money damages.

48. The Fourteenth Amendment provides, *inter alia*, "nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

49. Mr. Maldonado and Plaintiff Class members are persons who were within the jurisdiction of the United States.

50. Defendants refused to release Plaintiffs based on ICE detainer requests, and impermissibly kept Plaintiffs in their custody without probable cause, a warrant or a hearing. Defendant Lozano acted under color of state law, in the performance of official duties, when he established Huntington Park Police's custom of imprisoning people, including Mr. Maldonado and Plaintiff Class members, without a warrant or hearing.

51. Mr. Maldonado and Plaintiff Class members were entitled to have a hearing, a warrant issued by a judicial officer, or another process more than an ICE employee signing a detainer request form, prior to being deprived of their liberty by Defendants.

52. By imprisoning Mr. Maldonado and Plaintiff Class without a warrant or hearing, Defendants deprived them of their liberty without the due process of law guaranteed by the Fourteenth Amendment.

53. When Defendants imprisoned Plaintiff and Plaintiff Class without a warrant or hearing, they acted pursuant to the widespread, well-settled practice of Huntington Park Police to comply with ICE detainer requests, which constitutes Huntington Park Police's standard operating procedure.

54. Huntington Park Police's customary practice of complying with ICE detainer requests, caused the deprivation of Mr. Maldonado and Plaintiff Class's liberty without due process of law by Defendants.

55. Mr. Maldonado and Plaintiff Class suffered damages as a direct result of Defendants' conduct, pursuant to the widespread, well-settled, unlawful practice Defendant Lozano established at Huntington Park Police Department.

## Second Cause of Action

## 42 U.S.C. § 1983, Violation of Fourth Amendment - Unlawful Seizure

## (All Defendants)

56. Plaintiff Maldonado incorporates the allegations of the preceding and subsequent paragraphs as if fully set forth herein.

57. Under 42 U.S.C. § 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage" violates an individual's constitutional rights can be held liable for money damages.

58. Mr. Maldonado and Plaintiff Class members are persons who were within the jurisdiction of the United States.

59. The Fourth Amendment provides, "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

60. A seizure of a person is generally unreasonable under the Fourth Amendment unless the seizure is authorized by a warrant – a written order signed by a judge, that permits a law enforcement officer to seize a particular person.

61. As set forth above, Defendant Lozano established a policy and practice at Huntington Park Police to imprison people, including Mr. Maldonado and Plaintiff Class, after all grounds for imprisonment had expired, solely on the basis of immigration detainer requests. The detainer requests were not signed by judges, and therefore did not contain the necessary judicial finding of probable cause to justify further detention under the Fourth Amendment.

62. Defendants seized Mr. Maldonado and Plaintiff Class when they imprisoned them without a warrant or finding of probable cause. This seizure was unreasonable.

63. Defendants acted intentionally when they seized Mr. Maldonado and Plaintiff Class by imprisoning them without a warrant or finding of probable cause.

64. Defendants acted under color of state law, in the performance of official duties, when they imprisoned Mr. Maldonado and Plaintiff Class without a warrant or hearing.

65. By imprisoning Mr. Maldonado and Plaintiff Class members without a warrant or hearing, Defendants deprived them of their right to be free from unlawful seizure under the Fourth Amendment.

66. When Defendants imprisoned Mr. Maldonado and Plaintiff Class without a warrant or hearing, they acted pursuant to the widespread, well-settled practice of Huntington Park Police to comply with ICE detainer requests, which constitutes Huntington Park Police's standard operating procedure.

67. Huntington Park Police's widespread practice of complying with ICE detainer requests caused the violation of Mr. Maldonado and Plaintiff Class's rights against unlawful seizure by the Defendants.

68. Mr. Maldonado and Plaintiff Class suffered damages as a direct result of Defendants' conduct, pursuant to the widespread, well-settled, unlawful practice Defendant Lozano established at Huntington Park Police Department.

### Third Cause of Action

### Cal. Civ. Code § 92.1, Bane Act Violation (All Defendants)

69. Plaintiff Maldonado incorporates the allegations of the preceding and subsequent paragraphs as if fully set forth herein.

70. Defendants engaged in coercive acts that interfered with the rights of Mr. Maldonado and Plaintiff Class members to be timely released.

71. Defendants had an unlawful practice of coordinating with ICE to transfer people from Huntington Park Police custody to ICE custody, in violation of the California Values Act. Cal. Gov't Code § 7284.6(a)(1)(B). Defendants violated Mr. Maldonado's rights, and the rights of Plaintiff Class members, under the

California Values Act by wrongfully imprisoning them and transferring them to ICE custody based on immigration detainer requests, *after* the Act went into effect on January 1, 2018.

72. The California Truth Act requires Huntington Park Police to provide a copy of ICE detainer requests to detainees it imprisons based on those requests. Cal. Gov't Code § 7283.1(b) ("Upon receiving an ICE hold, notification, or transfer request, the local law enforcement agency shall provide a copy to the individual . . . ."). Defendants never provided Mr. Maldonado with a copy of his ICE detainer request. On information and belief, Plaintiff Class members were never provided copies of their ICE detainer requests.

73. Defendants violated the California Truth Act by failing to provide Mr. Maldonado and Plaintiff Class members with a copy of their ICE detainer requests. On information and belief, Huntington Park Police has a practice and policy of detaining individuals to facilitate ICE transfers based on ICE detainer requests, without bothering to provide detainees with copies of these requests.

74. Defendants coercively and violently detained Mr. Maldonado and Plaintiff Class members in Huntington Park Police custody, in order to transfer them to ICE custody.

75. Defendants intimidated Mr. Maldonado and Plaintiff Class members into reasonably believing that if they exercised their rights not to be unlawfully seized and unconstitutionally detained, Defendants would have acted violently to keep them imprisoned, and obviously had the ability to do so.

76. Defendants intentionally detained Mr. Maldonado and Plaintiff Class members and intended to deprive them of rights protected by the Fourth Amendment, Fourteenth Amendment, California Values Act, and California Truth Act by imprisoning them for unnecessarily long periods, failing to provide them copies of ICE detainer requests, and refusing to release them until ICE arrived.

13
COMPLAINT AND DEMAND FOR JURY TRIAL

77. Mr. Maldonado and Plaintiff Class members were harmed by the unnecessarily long time spent illegally imprisoned in Huntington Park Police custody, and by the transfer to ICE custody.

78. Defendants' conduct was a substantial factor in causing Mr. Maldonado and Plaintiff Class's harm.

### Fourth Cause of Action

### False Imprisonment (All Defendants)

79. Plaintiff Maldonado incorporates the allegations of the preceding and subsequent paragraphs as if fully set forth herein.

80. Defendants imprisoned Mr. Maldonado and Plaintiff Class members in Huntington Park Police custody, without a warrant or probable cause.

81. Mr. Maldonado and Plaintiff Class were harmed by their unlawful imprisonment.

82. There was an unnecessary delay in releasing Mr. Maldonado and Plaintiff Class members from Huntington Park Police custody, in order to facilitate their transfer to ICE custody.

83. Mr. Maldonado and Plaintiff Class did not consent to the delay.

84. Mr. Maldonado and Plaintiff Class were harmed by the delay.

85. Defendants' conduct was a substantial factor in causing Mr. Maldonado and Plaintiff Class's harm.

### Fifth Cause of Action

### Cal. Gov't Code § 815.6, Breach of Mandatory Duties (All Defendants)

86. Plaintiff Maldonado incorporates the allegations of the preceding and subsequent paragraphs as if fully set forth herein.

87. Defendants violated several mandatory duties with respect to Mr. Maldonado and the Plaintiff Class, including but not limited to those set forth in the California Values Act (Cal. Gov't Code § 7284) and the California Truth Act (Cal. Gov't Code § 7283).

88. Pursuant to the California Values Act, the Huntington Park Police Department is expressly prohibited from "detaining an individual on the basis of a hold request" from ICE. Cal. Gov't Code § 7284.6.

89. Pursuant to the California Truth Act, the Huntington Park Police Department has a mandatory duty to provide copies of ICE detainer requests to detainees. Cal. Gov't Code § 7283.1(b).

90. Mr. Maldonado and Plaintiff Class members were unlawfully imprisoned in Huntington Park Police custody and transferred to ICE custody, based on immigration detainer requests.

91. Mr. Maldonado never received a copy of the request based on which he was imprisoned.

92. On information and belief, Plaintiff Class members never received copies of the requests based on which they were imprisoned.

93. Defendants have a practice and policy of unlawfully detaining individuals in Huntington Park Police custody to facilitate ICE transfers based on ICE detainer requests, without bothering to provide detainees with copies of these requests, in violation of the California Values and Truth Acts.

94. Mr. Maldonado and Plaintiff Class members were harmed by their unlawful detention in Huntington Park Police custody and transfer to ICE custody.

95. Defendants' failure to fulfill their mandatory duties was a substantial factor in causing Mr. Maldonado and Plaintiff Class members harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court issue the following relief:

A. Compensatory damages

B. Punitive damages

C. Equitable relief

D. Attorney's fees

E. All other relief the Court deems appropriate

Dated: July 15, 2021

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: */s/ Matthew Borden*

Matthew Borden, Esq.
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

*Attorneys For Plaintiff*
*Jose Luis Maldonado Aguilar*

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial of all claims and causes of action triable before a jury.

Dated: July 15, 2021

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: */s/ Matthew Borden*

Matthew Borden, Esq.
BraunHagey & Borden LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210

*Attorneys For Plaintiff*
*Jose Luis Maldonado Aguilar*